# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

jandrophy@faillacelaw.com

April 30, 2018

**BY ECF**  
Honorable Sarah Netburn  
United States District Court  
Southern District of New York  
500 Pearl Street, Room 1050  
New York, New York 10007

    Re:    **Garcia-Daniel v. El Paso Taqueria Corp., et al.,**

           **17-cv-5917 (SN)**

Dear Judge Netburn:

    This office represents Plaintiffs in the above referenced matter. The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the Agreement is attached hereto as Exhibit A. We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and dismiss the case with prejudice. Please note that the Agreement has not been executed yet. We respectfully request that the Court not dismiss the action until we file an executed Agreement.

1. **BACKGROUND**

    Plaintiffs filed their Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-

1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Specifically, Plaintiffs allege they were employed by Defendants at a restaurant called El Paso. During their employment, Plaintiffs were paid $7.50 per hour for all hours worked, compensating them below the New York State minimum wage rate and failing to compensate them for overtime hours at the required overtime premium when they worked more than 40 hours in a week.

Defendants denied the allegations in the Complaint.

## 2. SETTLEMENT TERMS

Plaintiffs allege they are entitled to back wages of approximately $20,000. Plaintiffs estimate that if they had recovered in full for their claims, they would be entitled to approximately $90,000, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. The parties have agreed to settle this action for the total sum of $40,000. The settlement will be paid in nine equal monthly installments. Plaintiffs themselves will receive $26,000 of the settlement amount. The distribution of the settlement among Plaintiffs is set out in the Agreement, and is proportional to their calculated amounts owed. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as Exhibit B.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed

settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were contested factual and legal disputes. Additionally, though Plaintiffs were confident they would be able to establish liability, Plaintiffs are concerned about the collectability of a judgment they would receive against Defendants. Defendants have consistently argued that they are a small restaurant without the income to satisfy the kind of hefty judgment Plaintiffs would seek against them at trial. Defendants voluntarily produced to Plaintiffs' attorneys financial records, including bank statements, billing notices, and tax returns, that appeared to confirm Defendants' claims. Plaintiffs have conducted independent research, and have determined that Defendants' finances are limited, and that collecting a judgment against Defendants would likely prove difficult. As such, Plaintiffs believe the settlement is reasonable because of the risk that they may not prevail on all of their claims, and may not be able to collect a post-trial judgment. "Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v Cinema 60, LLC*, 948 F Supp 2d 362, 364 (SDNY 2013).

3. **ATTORNEYS' FEES**

Under the terms of Plaintiffs' retainer agreements with counsel, Plaintiffs' counsel will receive $14,000 from the settlement fund as attorneys' fees and costs. $753.00 of this represents costs actually incurred by counsel in litigating this action (which includes filing and service of process fees). The remaining portion represents the attorneys' fees incurred by Plaintiffs' counsel in litigating and settling this matter.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Counsel's lodestar is $9,580.00 in attorneys' fees and 753.00 in costs[1], making the fee counsel will receive under the agreement reasonable in light of their lodestar. The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

    i.    Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis. Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Faillace's work is indicated by the initials "MF."

    ii.    I, Joshua Androphy, am senior attorney at Michael Faillace & Associates, P.C., is billed at an hourly rate of $400.00. This is my standard rate for matters on which I am paid at an hourly rate. I graduated from Columbia University School of Law in 2005, where I was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, I developed a broad background in litigation at Olshan Frome Wolosky LLP, where I practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since joining Michael Faillace & Associates, P.C. in 2012, I have been responsible for litigating all aspects of employment claims in state and federal court. I was named a Super Lawyers Rising Star in 2014, 2015, 2016, 2017, and 2018. My regular billing rate of $400 per hour is reflected in Exhibit F with my initials "JA."

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding

---

[1] A copy of Plaintiff's counsel's billing record is attached as "Exhibit C."

they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

Lastly, the costs and fees requested are in accordance with the Plaintiffs' engagement agreements with counsel, which provided that counsel would receive their reasonable attorneys' fees and be reimbursed for costs incurred. Therefore, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.

                                  Respectfully Submitted,

                                  /s/ Joshua S. Androphy

                                  Joshua S. Androphy

Encls.